UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | | |
|---|---|---|
| RODNEY DELEGAL | ) | |
| | ) | |
| v. | ) | 1:06-cv-19/1:90-cr-08 |
| | ) | *Edgar* |
| UNITED STATES OF AMERICA | ) | |

**MEMORANDUM**

Defendant Rodney Delegal ("Delegal"), has filed a *pro se* application for a writ of *audita querela* [Court File No. 1]. Delegal requests that the Court vacate his sentence based upon the Supreme Court's ruling in *United States v. Booker*, 543 U.S. 220 (2005). The application will be **DENIED**.

Delegal and a co-defendant were convicted by a jury of conspiracy in violation of 18 U.S.C. § 371; bank robbery in violation of 18 U.S.C. §§ 2113(a) and (d); and using a dangerous weapon in relation to a crime of violence in violation of 18 U.S.C. § 924(c). Delegal was sentenced to a term of imprisonment of 322 months on October 22, 1990. Delegal pursued his direct appeal and his convictions and sentences were affirmed. Delegal filed a § 2255 motion which was denied on June 28, 1996. *United States v. Delegal*, 1:94-cv-283 (E.D. Tenn. 1996). Relying upon *Blakely v. Washington*, 542 U.S. 296 (2004) and *United States v. Booker*, 543 U.S. 220 (2005), Delegal subsequently filed a Rule 60(b) motion which was denied on February 3, 2005.

Delegal filed the instant application, on or about January 14, 2006, relying, once again, upon *Blakely v. Washington*, 542 U.S. 296 (2004) and *United States v. Booker*, 543 U.S. 220 (2005). Delegal asserts the Court did not have jurisdiction to impose a sentence for an offense not charged in the indictment.

1

Delegal seeks release from custody pursuant to the writ of *audita querela*. The writ of *audita querela* may be directed against the enforcement, or further enforcement, of a judgment which when rendered was just and unimpeachable. Thus, the writ of *audita querela* attacks the consequences of the judgment. *Ejelonu v. I.N.S., Dept. of Homeland Sec.*, 355 F.3d 539, 544 (6th Cir. 2004) (citations omitted). *See also United States v. Torres*, 282 F.3d 1241 (10th Cir. 2002). A writ of *audita querela* is used to challenge "a judgment that was correct at the time rendered but which is rendered infirm by matters which arise after its rendition." *Id.* at 1245 n.6 (quoting *United States v. Reyes*, 945 F.2d 862, 863 n.1 (5th Cir. 1991)).

Delegal has filed an application for a writ of *audita querela* under the All Writs Act, 28 U.S.C. § 1651. The United States Supreme Court has held that "[w]here a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act that is controlling." *Pennsylvania Bureau of Correction v. United States Marshals*, 474 U.S. 34, 43 (1985). In this instance, where 28 U.S.C § 2255 already provides Delegal the means to challenge the constitutionality of his federal sentence, it is that statute, and not the All Writs Act, which provides the authority for reviewing Delegal's alleged unconstitutional federal sentence. *See Pennsylvania Bureau of Correction v. United States Marshals*, 474 U.S. at 42, n.7, & 43. Delegal has not alleged any exceptional circumstances, and the Court does not find any exceptional circumstances, which would authorize this Court to issue a writ under the All Writs Act. *Id.* at 43. Such exceptional circumstances do not include procedural limitations imposed by Congress on the filing of § 2255 motions, or the non-retroactive effect of new court decisions in relation to criminal judgments that have already become final. The All Writs Act "does not authorize [Courts] to issue ad hoc writs whenever compliance with statutory procedures appears inconvenient or less appropriate." *Id.*

The writ of *audita querela* is available, if at all, where there is a legal objection to a conviction that has arisen after the conviction. This writ is used to challenge a judgment that was correct at the time it was rendered but which is rendered infirm by matters which arise afterwards. *See Frost v. Snyder*, 13 Fed. Appx. 243, 246 (6th Cir. 2001) (unpublished table decision), available in 2001 WL 406388. However, in the criminal context, a writ of *audita querela* may not be used to challenge a conviction when other remedies exist, such as a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. *See e.g., United States v. Torres*, 282 F.3d 1241, 1245 (10th Cir. 2002); *United States v. Valdez-Pacheco*, 237 F.3d 1077, 1080 (9th Cir. 2001); *United States v. Johnson*, 962 F.2d 579, 582 (7th Cir. 1992).

Delegal cannot circumvent the § 2255 rules by calling his petition one for a writ of *audita querela*. *See Charles v. Chandler*, 180 F.3d 753 (6th Cir. 1999). The question before this Court is whether Delegal may seek relief for an alleged "*Booker* error" in his sentencing by writ of *audita querela* where *Booker* has been held not to be retroactive to cases on collateral review and thus, cannot be raised by a motion under § 2255. The Court finds no authority that would allow Delegal to utilize the writ of *audita querela* because it appears he is prohibited from pursuing relief under 28 U.S.C. § 2255. *See United States v. Castellanos*, 2003 WL 22119175 (Unpublished) (N.D. Ill Sept. 11, 2003); *United States v. King*, 2003 WL 21663712 (Unpublished) (N.D. Tex. July 11, 2003); *United States v. Torres*, 282 F.3d 1241, 1245 (10th Cir. 2002).

Moreover, Delegal's reliance on *Booker* to support his application for *audita querela* is unavailing as *Booker* is not applicable to any case where the judgment was final prior to the Court's holding in *Booker*. *See Booker*, 543 at 268 (holding applies "to all cases on direct review"). The Supreme Court did not state that the *Booker* holding should be applied retroactively on collateral

3

review to cases in which the judgment was final. The Sixth Circuit has held that *Booker* "does not apply retroactively in collateral proceedings." *Humphress v. United States*, 398 F.3d 855, 860 (6th Cir. 2005). The Supreme Court has held that *audita querela* and the other common law writs survive as a way to collaterally attack criminal sentences in very narrow circumstances. *United States v. Morgan*, 346 U.S. 502, 510-511 (1954). Thus, *audita querela* is a collateral attack and *Booker* does not apply to collateral attacks. Consequently, neither *Booker* nor *audita querela* offers Delegal any relief from his judgment, which became final in 1992, more than twelve years before *Booker* was decided.

Delegal is not entitled to any relief in this Court. Accordingly, the application will be **DENIED** and the case will be **DISMISSED** [Court File No. 1].

ENTER this the 18th day of October, 2006.

                                                 */s/ R. Allan Edgar*
                                                 R. ALLAN EDGAR
                                       UNITED STATES DISTRICT JUDGE